UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NUMATICS, INC.,

        Plaintiff,                         Case Number 13-11049
                                                            Honorable David M. Lawson

v.

BALLUFF, INC. and H.H. BARNUM
COMPANY,

        Defendants.
_____/

## **ORDER GRANTING NUMATICS'S MOTION TO STRIKE**

Presently before the Court is Numatics's motion to strike the defendants' motion for summary judgment and defendants' memorandum in support thereof.

The Case Management and Scheduling Order entered in this case states that the "Court *strictly* enforces the requirements of Eastern District of Michigan Local Rules 5.1 and 7.1 . . . for all motions" and that "[f]ailure to follow these rules likely will result in a denial of the motion and may lead to sanctions." (emphasis added). Section VI of the Case Management and Scheduling Order specifies that

> When filing motions for summary judgment, parties must adhere to the following guidelines: . . . B. Briefs in support of motions for summary judgment must contain a recitation of the undisputed facts with specific references to the record. If facts are disputed, the moving party must explain how the fact is not material to the dispute.

Section VII of the Case Management and Scheduling Order states that "[m]otions must be clear and succinct without extensive factual development . . . [and] briefs must contain a concise statement of facts supported by reference to the record."

Courts in this district have clearly stated that a statement of facts must be *in* the brief and not attached as an appendix to the brief. "In this Court, a party must set forth its version of the facts that

support or contradict a dispositive motion in its supporting brief . . . and the facts must be included within the supporting brief (*i.e.,* within the 25-page limit)." *End Prod. Results, LLC v. Dental USA, Inc.*, No. 12-1146, 2014 4861647, at *4 (E.D. Mich., Sept. 30, 2014).

Further, Local Rule 5.1 provides that "all texts and footnotes must be no smaller than 10.5 characters per inch (non-proportional) or 14 point (proportional)." LR 5.1(a)(3). Additionally, Local Rule 7.1 provides that "[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages." LR 7.1(d)(3). "A person seeking to file a longer brief may apply ex parte in writing setting forth the reasons." *Ibid.*

The defendants have violated the Local Rules and Case Management and Scheduling Order for two reasons. *First*, the defendants included their statement of facts in a 15-page appendix to circumvent the 25-page limit for summary judgment briefs. Rule 7.1 states that briefs "may contain a table of contents, an index of authorities, and an index of exhibits attached to the brief." LR 7.1(d)(2). The Local Rules do not contemplate separate briefing attached as an appendix. *Second*, the defendants filed their motion in 12-point Times New Roman, a proportional font, rather than the 14-point font that the Local Rules and Case Management and Scheduling Order requires. The defendants could have filed a motion seeking to extend the page limit for their brief. But, rather than practicing above-board, the defendants attempted a sleight of hand — filing the equivalent of a 51-page brief while implicitly representing to the Court that they had complied with the local rules. The Court will grant the plaintiff's motion to strike the defendants' motion for summary judgment and memorandum in support thereof because the defendants violated the Local Rules and the Case Management and Scheduling Order. For the same reasons, the Court will also strike the defendants' reply brief to their motion to exclude expert testimony under *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.

Accordingly, it is **ORDERED** that the plaintiff's motion to strike the defendants' motion for summary judgment and defendants' memorandum in support thereof [dkt. #131] is **GRANTED.**

It is further **ORDERED** that the defendants' motion for summary judgment of invalidity of all asserted claims and memorandum in support thereof [dkt. #109] is **STRICKEN** from the record in this case and the image removed from the CM/ECF system.

It is further **ORDERED** that the defendants' reply brief to their motion to exclude expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702 [dkt. #126] is **STRICKEN** from the record in this case and the image removed from the CM/ECF system.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 6, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2014.

/s Susan Pinkowski
SUSAN PINKOWSKI

---