UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NUMATICS, INC.,

       Plaintiff,                                 Case Number 13-11049
                                                         Honorable David M. Lawson

v.

BALLUFF, INC. and H.H. BARNUM
COMPANY,

       Defendants.
_____/

**<u>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

This is a patent infringement case. On October 13, 2014, the defendants filed a motion for summary judgment, arguing that the patent-in-suit is invalid because the invention is obvious. The motion did not conform to the local rule requirements for form in that the defendants used a smaller font for the type face, and the defendants attached an appendix, which amounted to additional argument that substantially multiplied the pages of the brief beyond the limit allowed by the local rules. The plaintiff filed a motion to strike the defendants' filing on those grounds. The plaintiff was correct, and the Court granted the motion, striking the defendants' summary judgment motion and brief on November 6, 2014.

Thirteen days later, the defendants filed a motion for reconsideration of the order striking the summary judgment motion. The defendants did not contest the grounds stated in the earlier motion to strike; instead, the defendants criticized the plaintiff for pointing them out, and they recited a list of occasions in which they believed the plaintiff's past filings violated one rule or another. The defendants also invoked Federal Rule of Civil Procedure 60(b), insisting that their neglect to follow the local rules was excusable, and suggesting that they really did not violate the

local rule's page limitations. The Court will address the motion for reconsideration now.

Motions for reconsideration may be granted under E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). Because the defendants' summary judgment motion plainly did not conform to the form and style requirements of the local rules, there was no defect in the Court's reasoning, palpable or otherwise. The defendants have not satisfied E.D. Mich. LR 7.1(h).

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order for "(1) mistake, inadvertence surprise, or excusable neglect; . . . or (6) any other reasons that justifies relief." The defendants argue that their motion actually does not exceed the page-limit because the appendix contains the same facts as those contained in their brief. That argument, perhaps, suggests that the Court made a mistake in concluding otherwise. The Sixth Circuit has "recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). When applied under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court," including a legal mistake. *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (citing *Oliver v. Home Indem. Co.*, 470 F.2d 329 (5th Cir. 1972)). Nonetheless, a motion based on Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in

the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (internal quotation marks omitted). The defendants made a strategic choice to attach the appendix to their brief. The suggestion that the appendix duplicated the same facts recited in the brief is not a convincing response to the observation that the overall length of the submission was excessive. If the appendix was gratuitous, one wonders why it was included with the brief. And stating that it was duplicative is entirely unhelpful, when the only way to learn of the redundancy is to read the entire document. If one thought that would defeat the point of the page limitation, they would be correct.

The defendants also argue that their use of 12-point font amounts to excusable neglect. The local rules clearly state the font size that parties may use in their briefs. LR 5.1(a)(3). Perhaps confusion can result from the "proportional" and "non-proportional" terminology, and small variations in type size may not always be apparent to the naked eye. However, font-size and page limitations are familiar restrictions that federal courts impose on filers, and competent attorneys generally learn these rules. Sometimes they learn them too well, using font-size variations to skirt page limitations. Although the font size violation here is not conclusive evidence that the defendants willfully violated the local rules, when coupled with the appendix filing, the conclusion that emerges is that the defendants were attempting to expand their brief improperly.

Finally, the defendants contend that they should not be deprived of an opportunity to present the merits of their invalidity defense. True enough. Formal requirements generally should not obstruct the presentation of a valid claim or defense. The formal requirements are intended to focus arguments, avoid distractions, and promote respect for the courts' limited resources. But a motion for summary judgment is a procedural mechanism, not a substantive right. Nothing says that the

defendants will forfeit their invalidity defenses if they are required to present them at trial. However, respecting judicial economy, if the patent's invalidity can be determined without a trial, the Court and community are better served by vetting the issue in advance of assembling jurors for trial. "Doubts should be resolved in favor of a judicial decision of the merits of a case and technical error or a slight mistake by a[n] attorney should not deprive [a party] of an opportunity to present the true merits of his claims." *In re Salem Mortg. Co.*, 791 F.2d 456, 459-60 (6th Cir. 1986) (quoting *Blois v. Friday*, 612 F.2d 938, 938 (5th Cir. 1980)). The Court must apply Rule 60(b) to "achieve substantial justice," *id.* at 459 (quoting *Blois*, 612 F.2d at 938), sometimes in spite of the advocates.

The Court therefore will grant the defendants' motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure and allow the defendants to file a motion for summary judgment.

Accordingly, it is **ORDERED** that the defendants' motion for reconsideration of the Court's order to strike or, alternatively, for leave to file a motion for summary judgment [dkt. #137] is **GRANTED**.

It is further **ORDERED** that the defendants' may file an amended motion for summary judgment **on or before December 5, 2014.** That motion must strictly comply with the local rules and the Federal Rules of Civil Procedure, except that the supporting brief may not exceed 20 pages, must be in 14-point proportional font size, and may not include footnotes.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated:   December 1, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2014.

s/Susan Pinkowski
SUSAN PINKOWSKI